# SULLIVAN & CROMWELL LLP

TELEPHONE: 1-212-558-4000
FACSIMILE: 1-212-558-3588
WWW.SULLCROM.COM

*125 Broad Street*
*New York, NY 10004-2498*

LOS ANGELES • PALO ALTO • WASHINGTON, D.C.
FRANKFURT • LONDON • PARIS
BEIJING • HONG KONG • TOKYO
MELBOURNE • SYDNEY

December 15, 2011

By ECF Filing and By Hand

The Honorable J. Frederick Motz,
   United States District Court for the District of Utah,
     Frank E. Moss United States Courthouse,
       350 S. Main Street,
         Salt Lake City, Utah 84101.

      Re:   *Novell, Inc. v. Microsoft Corp.*

Your Honor:

      We submit herewith a proposed charge and ask that the Court deliver this instruction to the jury at some convenient time this morning.

      This is the charge that was used by the court in *Midwest Trust Co.* v. *Gard*, 2009 U.S. Dist. LEXIS 40741, at *5-6 (D. Kan. 2009) during deliberations. Under the circumstances, we believe that it is appropriate to give the jury this exact instruction early today.

      Microsoft respectfully requests an opportunity to address this subject at greater length outside the presence of the jury.

Respectfully,

David B. Tulchin

(Attachments)

cc:   Jeffrey M. Johnson
      John E. Schmidtlein

I realize that you are having some difficulty reaching a unanimous agreement, but that's not unusual. Sometimes after further discussion jurors are able to work out their differences and agree. This is an important case. If you should fail to agree upon a verdict, the case is left open and it may be tried again. Obviously, another trial would require the parties to make another large investment of time and effort, and there's no reason to believe that the case can be tried again by either side better or more exhaustively than it's been tried before you.

It's your duty as jurors to consult with one another and deliberate with a view toward reaching an agreement, if—and let me add this is important—if you can do so without violence to your individual judgments. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views and change your opinion if you are convinced it's erroneous, but do not surrender your honest conviction as to the weight of the evidence solely because of the opinion of your fellow jurors, or merely for the purpose of returning a verdict.

What I've just said is not meant to pressure you into agreeing on a verdict. Take the time you need to discuss things. There's not an urgency or a hurry, but I will ask that you now retire once again and continue your deliberations, with these additional comments in mind, to be applied, of course, in conjunction with all of the instructions that I previously gave you.